**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GOTBIT CONSULTING LLC, a/k/a GOTBIT HEDGE FUND, and FEDOR KEDROV,<br><br>Defendants. | Civil Action No. 24-cv-12589 (AK) |

**CONSENT OF DEFENDANT GOTBIT CONSULTING LLC**

1. Defendant Gotbit Consulting LLC, a/k/a Gotbit Hedge Fund ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. Gotbit Consulting LLC et al.*, Crim. No. 24-10190 (AK) (D. Mass. 2024), Defendant pleaded guilty to one count of conspiracy to commit market manipulation and wire fraud, in violation of Title 18, United States Code, Section 371, and to two counts of wire fraud in violation of Title 18, United States Code, Section 1343. In connection with that plea, Defendant admitted the facts set forth in a written statement that is an exhibit to Defendant's plea agreement. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. Gotbit Consulting LLC et al*.

3. Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

a. permanently restrains and enjoins Defendant from violation of Sections 17(a)(1) and (3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)(1) and (3)] by directly or indirectly creating a false appearance or otherwise deceiving any person about the price or trading market for any security;

b. permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and (c) thereunder [17 C.F.R. § 240.10b-5(a) and (c)] by directly or indirectly creating a false appearance or otherwise deceiving any person about the price or trading market for any security;

c. permanently restrains and enjoins Defendant from violation of Section 9(a)(2) of the Exchange Act [15 U.S.C. § 77i(a)(2)]; and

d. orders that Defendant be restrained and enjoined from participating, directly or indirectly, in any issuance, purchase, offer, or sale of any securities.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any

disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

*[Intentionally Blank]*

13. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 10/7/26

Gotbit Consulting LLC

By: ______________________________
Aleksei Andriunin
Chief Executive Officer, Gotbit Consulting LLC

Approved as to form:

______________________________
Roger Burlingame, Esq.
Jonathan Streeter, Esq.
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036